**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ANDREA N. NELLUMS** ) | |
| ) | |
| **v.** ) | **3-09-CV-481-K** |
| ) | |
| **FEDERAL DEPOSIT INSURANCE** ) | |
| **CORPORATION, ET AL** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and an order of the court in implementation thereof referring this action to the undersigned for pretrial management came on to be considered Defendants' motion for summary judgment, and the findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Statement of the case**: Plaintiff filed this action in County Court at Law No. 5 of Dallas County, Texas, on March 14, 2008, in No. CC-08-2293-E naming IndyMac Financial Services d/b/a IndyMac Bank, F.S.B., Deutsche Bank National Trust Co. and Robert Alcorn, Substitute Trustee as Defendants. Thereafter Defendants filed their answer and their motion for summary judgment. As a result of the demise of IndyMac Bank, F.S.B. the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver and took charge of IndyMac's assets and affairs. On January 29, 2009, the FDIC as receiver for IndyMac filed an amended motion to substitute itself as the real party of interest in IndyMac's stead, which the state court granted on January 30, 2009.

The FDIC removed the action to this court on March 12, 2009, pursuant to 28 U.S.C. § 1345 and 12 U.S.C. § 1819(b)(1). No effort to remand the case has been undertaken and it is appropriate to consider the Defendants' previously filed motion in accordance with Rule 56, Federal Rules of

Civil Procedure.

**Standard to be applied**: Summary judgment is proper when the movant demonstrates that there is an absence of genuine issues of material fact. *Anderson v. Liberty Lobby,* 477 U.S.242, 248 (1986). To satisfy this requirement the movant is to identify portions of the record which demonstrate that no genuine issues of fact are present. If the movant meets this burden, the non-movant must designate specific facts showing that there is a genuine issue of fact for trial. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Although all justifiable inferences from the evidence must be drawn in favor of the non-movant, mere conclusory allegations in the pleadings are insufficient to establish the existence of genuine issues of fact. When a non-movant fails timely to respond to a motion for summary judgment, the court cannot grant summary judgment by default, but the court is free to accept as undisputed the facts set out in the record presented by the movant in support of the motion for summary judgment. *See Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988).

**Analysis of the evidence:** In support of their motion for summary judgment Defendants have submitted documents which relate to real property described in Plaintiff's original petition, more commonly known as 337 Ace Drive, DeSoto, Texas 75115. *See* Plaintiff's original petition at pages 2-3. *See also* Erica Johnson-Seck's affidavit with attachments, submitted in support of Defendants' motion for summary judgment.[1] Plaintiff Andrea Nellums has not filed a response to the motion for summary judgment as of the date of this recommendation.

---

[1] Defendants' motion for summary judgment was filed in County Court at Law No. 5 of Dallas County, Texas, prior to January 30, 2009, the date on which the Federal Deposit Insurance Corp. (the "FDIC") was substituted in place and in the stead of Defendant IndyMac Bank, F.S.B., and prior to March 9, 2009, the date on which this action was removed to federal court.

2

In support of their motion for summary judgment Defendants have established that upon Plaintiff's purchase of the property at 337 Ace Drive on December 14, 2005, she executed a note for the unpaid portion of the purchase price, secured by a deed of trust which Nellums executed on the same date. *See* Exhibit B (Loan No. 122523783) and Exhibit A (Deed of Trust) attached to Ms. Johnson-Seck's affidavit.

On or about November 3, 2006, the Note and Deed of Trust were assigned to Deutsche Bank National Trust Company as Trustee Under the Pooling and Servicing Agreement Series ITF INAB5 2005-D. The assignment was filed in the official records of Dallas County, Texas. *See* attachment to Ms. Johnson-Seck's affidavit and Defendants' motion for summary judgment at page 4, note 4. Ms. Nellums failed to make monthly payments on the note in a timely basis, as a result of which IndyMac Bank Home Loan Servicing attempted to make arrangements for payments to be made. Exhibit D attached to Ms. Johnson-Seck's affidavit. Nellums has presented no competent summary judgment evidence to show that she made payments to correct the delinquency. By letter dated August 7, 2007, the law firm of Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. wrote Plaintiff on behalf of the mortgage servicer, Indy Mac Bank Home Loan Servicing, informing her *inter alia* that the property at 337 Ace Drive would be sold at a trustee's sale on September 4, 2007, unless the underlying loan was reinstated under the terms of the deed of trust. *See* Exhibit E to Ms. Johnson-Seck's affidavit.[2]

On September 4, 2007, the property was sold by the substitute trustee, R. Alcorn, to Deutsche Bank National Trust Company for $139,950.00. *See* Exhibit F attached to Ms. Johnson-

---

[2] The appointment of substitute trustee executed on July 17, 2007, was recorded in the Official Public Records of Dallas County, Texas. *See* motion for summary judgment at page 4, note 5.

Seck's affidavit. After vacating the premises at 337 Ace Drive in DeSoto, Texas, Plaintiff filed her original petition in County Court at Law No. 5 on March 14, 2008, in Cause No. 08-02293-E. After the Federal Deposit Insurance Corporation was substituted as the real party in interest, upon being appointed as receiver for IndyMac Bank Federal, F.S.B. and as IndyMac Bank's successor in interest, the FDIC was substituted as a defendant. *See* note 1, *supra.*

Since none of the foregoing facts are contested, there are no genuine issues of fact presented and the only issues before the court are matters of law.

The Plaintiff's argument that the trustee's sale on September 4, 2007, was void because R. Alcorn lacked authority to sell the property is contrary to the evidence in the summary judgment record. As the FDIC points out, the Deed of Trust executed on December 14, 2005, expressly permits the lender to substitute any trustee and vesting any substitute trustee with the authority conferred on the original trustee under the terms of the deed of trust. *See* Exhibit A (Deed of Trust) at ¶ 23, page 11. The deed of trust clearly authorizes the acceleration of the sums due under the note and deed of trust as well as the sale of the mortgaged premises when the borrower has failed to make timely monthly installments. *Id.* ¶¶ 1 and 20. Both the summary judgment evidence as well as the admission in Plaintiff's original petition establish that Ms. Nellums was in default in making timely installment payments on the mortgage. Plaintiff has not shown that any requirement under the law was not complied with prior to the foreclosure sale on September 4, 2007. Therefore, Defendants are entitled to summary judgment in this action and to a judgment dismissing Plaintiff's claims in the above styled and numbered action with prejudice.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court grant Defendants' motion

for summary judgment and enter its judgment dismissing Plaintiff's claims with prejudice to the refiling of the same.

A copy of this recommendation shall be transmitted to Plaintiff, Andrea N. Nellums at 2400 Bolton Boone, #1209, DeSoto, Texas 75115, and to counsel of record for Defendants.

SIGNED this 3rd day of April, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.